# COLLATERALIZED PROMISSORY NOTE

**$2,000,000** July 27, 2009

FOR VALUE RECEIVED, including a payment of Two Million dollars ($2,000,000.00) received on the date hereof, the undersigned, New Dimension Fund LLC, a Delaware limited liability company, ("NDF") and Trinity World Holdings, LLC a Nevada limited liability company, ("TWH") (collectively "Makers") promise to pay to Dillin Investments, LLC ("Lender"), or order, the principal amount of Two Million Dollars ($2,000,000.00) "), plus interest at the rate of twelve percent (12%) per annum, on or before July 27, 2010 ("Due Date"), plus a guaranteed profit participation of Eight Million Dollars ($8,000,000.00) ("Guaranteed Profit Participation") from Ten Percent (10%) of the gross proceeds less transaction costs and expenses received by NDF from Joint Participation Agreements which are entered into by NDF and third parties (as separately described) (hereinafter JPA Proceeds") until paid, but in no event later than twelve (12) months from date of this Collateralized Promissory Note (the "Note"), at which time Lender may exercise its rights to collateral as herein defined pursuant to the attached Pledge and Security Agreement. Payments shall be made to Lender at the address set forth below or pursuant to wire instructions provided hereafter.

All payments made on this Note shall be applied first to interest, then to principal and then to the Guaranteed Profit Participation. NDF shall provide evidence that the JPA Proceeds are required to be forwarded directly to an Escrow Agent approved by Lender and NDF shall submit to the approved Escrow Agent an Irrevocable Pay Order, as described in and incorporated herein as Exhibit A, for payment of this Note.

As security for the obligations under this Note, TWH hereby pledges to Lender collateral for the sums due herein pursuant to that certain Pledge and Security Agreement attached hereto as Exhibit B and made a part hereof by reference. TWH hereby represents that it holds a fifty-percent (50%) interest m the Ananias World Fund, LLC a Delaware limited liability company, which is pledged and described m in Exhibit B

Upon the payment in full of all obligations under this Note, the security interest granted herein shall terminate and all rights to the Collateral shall revert to TWH.

In the event of default of payment in full when due of any installment or other amount payable under this Note or under the Irrevocable Payment Order attached hereto, or in the event of failure to make a payment on account, or in the event bankruptcy, reorganization, arrangement, insolvency, liquidation or receivership proceedings are instituted by or against Makers under federal or state law; and regardless of whether Lender elects to declare the entire unpaid balance to be due and payable, Lender may proceed to collect all or part of the Collateral and apply the proceeds to pay court costs (if any), expenses (including reasonable attorneys fees) of collection or realizing on the Collateral, accrued interest, and principal. Notwithstanding anything to the contrary herein, but without impairing the validity of this Note, or any security interest created thereof, in the event of any default under the terms of this Note, Lender acknowledges any individual signing on behalf of the Makers shall not be personally liable for payment of the obligations evidenced by this Note or for any other sums due as result of any defaults under this Note, and the sole recourse of Lender for any and all such defaults shall be by

MA LR

exercise of the remedies provided by the security interest created herein.

THIS NOTE IS SUBJECT TO THE EXPRESS CONDITION THAT AT NO TIME SHALL MAKER BE OBLIGATED OR REQUIRED TO PAY INTEREST ON THE PRINCIPAL BALANCE AT A RATE WHICH COULD SUBJECT LENDER TO EITHER CIVIL OR CRIMINAL LIABILITY AS A RESULT OF BEING IN EXCESS OF THE MAXIMUM RATE WHICH MAKER IS PERMITED BY LAW TO CONTRACT OR AGREE TO PAY. MAKER AND LENDER ACKNOWLEDGE THIS AS A NEGOTIATED BROKER TRANSACTION THROUGH PAUL M. KONAPELSKY, A LICENSED CALIFORNIA BROKER WHO SHALL RECEIVE A FEE IN THE SUM OF ONE PERCENT (1%) OF THE PRINCIPAL SUM LOANED FROM PROCEEDS RECEIVED BY MAKER AT TIME OF FUNDING.

Makers, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay: (i) all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note, or any payment of interest thereon is not paid when due, whether a law suit be brought or not; (ii) all costs, including reasonable attorneys' fees and disbursements, incurred in creating or perfecting any lien or security interest in favor of Lender.

Lender shall not by any omission or act be deemed to waive any of its rights or remedies hereunder unless such waiver be in writing and signed by Lender, and then only to the extent specifically set forth therein. A waiver in connection with one event shall not be construed as continuing or as a bar to or waiver of any right or remedy in connection with the same, a similar, or a subsequent event.

Any and all controversies, claims, or disputes arising out of or relating to this Note between-the parties shall be subject to binding arbitration under the arbitration rules pursuant to California law. The arbitration shall be administered by the American Arbitration Association by a neutral arbitrator. This Note shall be governed by the laws of the State of California.

If any provision in this Note is found by a court of law to be in violation of any applicable law, and if such court should declare such provision of this Note to be unlawful, void or unenforceable as written, then it is the intent of all parties hereto that such provision shall be given full force and effect to the fullest possible extent that it is legal, valid and enforceable, that the remainder of this Note shall be construed as if such unlawful, void or unenforceable provisions were not contained therein, and that the rights, obligations and interests of Makers and the Lender under the terms of this Note shall continue in full force and effect.

Any notice, demand or other communication which any party may desire or may be required to be given to any other party shall be in writing, and shall be deemed given if and when personally delivered, or if mailed, on the second business day after being deposited in the United States mail, registered or certified, postage prepaid, addressed to a party at the address set forth below, or at such other address as the party to receive such notice may have designated to all other parties by notice in accordance herewith:

MA
LR

If to Lender:

Dillin Investments, LLC
3290 Levis Commons Blvd.
Perrysburg, Ohio 43551
Attn: Larry B. Dillin

If to Makers:

New Dimension Fund LLC
c/o: Greenberg Traurig/Raymond Lee
3161 Michelson Drive, Suite 1000
Irvine, California

Trinity World Holdings LLC
c/o Paul M. Konapelsky
13 Corporate Plaza Drive
Suite 150
Newport Beach, California 92660

This Note is binding upon the Makers and Makers' successors and assigns.

This Note cannot be modified or changed except by written instrument signed by all of the parties hereto.

This Note may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

Lender is not authorized to share any information it has pertaining to the loan evidenced by this Note including without limitation credit information on any Maker or any of its principals of this Note, to any assignee or prospective assignee.

By signing this document each party represents and agrees that: (a) this document represents the final agreement between the parties with respect to the subject matter hereof; (b) this document supersedes any commitment letter, term sheet or other written outline of terms and conditions relating to the subject matter hereof; (c) there are no oral agreements between the parties; and (d) this document may not be contradicted by evidence of any prior, contemporaneous, or subsequent oral agreements or understandings of the parties, and (e) this document is being executed concurrently with a Pledge and Security agreement attached hereto as Exhibit B.

Makers represent and warrant that the financial information provided by Makers or on Makers' behalf by authorized representative(s) of such Maker(s) to Lender presents a true,

MK
LR

complete and correct statement of Makers' financial condition, and the financial condition of any third party provided in connection therewith, as of the date(s) thereof and does not omit any pertinent information. There has been no material adverse change in Makers' or any such third party's financial condition since the date(s) of such statements. This representation and warranty shall apply to any financial information submitted to Lender by Makers or on Makers' behalf by authorized representative(s) of such Maker(s) prior to the date of this Note and hereafter pursuant to the terms of this Note or any other documents executed in connection with this Note and shall be deemed restated as of the date of any such financial information. Makers warrant that they will provide updated financial information at any time if: the fair market value of any Makers' assets have decreased; any of Makers' liabilities have increased or if new or additional liabilities have been incurred or assumed, or upon written request of Lender.

Makers represent and warrant as follows:

(i) They will have sufficient liquidity to repay this Note when due;

(ii) Makers have the power and authority to provide Lender with a perfected security interest in such collateral for all amounts owing under this Note and any amounts which may become due under this Note.

(iii) No contract or agreement prevents Makers from providing Lender with a perfected security interest in the collateral for all amounts owing under this Note and any amounts which become due under this Note.

(iv) If any Maker sells or conveys any of the Collateral, they will immediately pay Lender the proceeds of such sale or conveyance to the extent of the amount due on this Note.

(v) In order to enforce the provisions of paragraph (iv), Makers agree that in all closing statements prepared with respect to any sale or conveyance, they will direct Lender to list the amounts due hereunder on such closing statements so that Lender will be paid directly out of the closing proceeds or such sale or conveyance. *The fact that a sale will not provide sufficient proceeds to liquidate the debt to Lender shall not preclude closure of the sale or conveyance so long as such sale is at market rate for the proposed transaction.*

Makers covenant that they will execute all documents reasonably necessary in order to consummate the security agreement. Makers will provide Lender access to their books and records in order that Lender may enforce the provisions set forth herein.

Makers further covenant as follows:

(i) Upon default, they will not take any action to interfere with the enforcement of the security interest by Lender.

(ii) Upon default, and without any additional notice, they will execute any additional, supplemental or replacement documents reasonably necessary in order to grant

MK LR

Lender a security interest on the Collateral.

Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, or any document executed in connection with this Note, whether as maker, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend this loan or release any party or Collateral; or impair, fail to realize upon or perfect Lender's security interest in the Collateral. The obligations under this Note are joint and several. This means that the words "I", "me", "my", "Maker" and "Makers" mean each and all of the persons signing below.

Makers further acknowledge the following:

(1) That, if there is any default on this Note, they will pay default interest at the rate of eighteen percent (18%) per annum for each period where such default has not been cured, with an interest payment equal to the amount due for one month being paid immediately each time such default occurs.

(2) That, if any payments on this Note are not made immediately on the date set forth above, and within the cure period herein described, Lender may begin collection efforts on this Note on the date such payments were not made, and that such collection efforts will involve substantial legal fees and expenses, all of which Makers will be required to repay;

(3) That none of the facts or matters set forth above, nor any other fact, or matter, shall constitute a defense or basis for or a waiver of Makers' obligation to pay this Note on the date set forth above, as such obligation is expressly acknowledged to be unconditional.

This Note is executed as part of a business transaction, and it is not part of any consumer transaction. *This may be executed in counterparts.*

MAKERS:

New Dimension Fund LLC

By: ______________________
Name: MARK ALLEN
Title: MANAGER

Trinity World Holdings LLC

By: ______________________
Name: Lisa Kemmers
Title: Manager

[SIGNATURE CONTINUE ON FOLLOWING PAGE]

Lender agrees to the terms and conditions as herein set forth.

Dillin Investments, LLC

By: ________________________
Name: Larry B. Dillin
Title: Member